481 A.2d 677

**COMMONWEALTH of Pennsylvania**

v.

**Charles R. HORST, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Sept. 7, 1984.

Petition for Allowance of Appeal Granted Mar. 4, 1985.

John C. Tylwalk, Assistant Public Defender, Lebanon, for appellant.

John E. Feather, Jr., Assistant District Attorney, Lebanon, for Com., appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

POPOVICH, Judge:

This is an appeal by the appellant, Charles R. Horst, Sr., from the aggregate sentence of two to ten years entered on July 6, 1982, following a negotiated plea of guilty to theft by deception, issuance of a bad check, attempted homicide, unlawful restraint and criminal conspiracy. We reverse.

Appellant's sole contention on appeal concerns the lower court's "out of hand" denial of his motion to modify sentence for failing to set forth therein "reasons" warranting reconsideration.

A review of the record indicates that the appellant filed a written motion on July 16, 1982, the last day under Pa.R. Crim.P. 1410. "Because he was transferred to the State Correctional Institution at Camp Hill just two days after sentencing [the appellant] claim[ed] he was unable to tell his legal counsel what reasons to insert in his motion. Thus, he asked[,] in effect, for leave to file reasons late. [The lower court] refused his motion .... " (Lower Court Opinion at 2–3) The lower court did so because it perceived no provision in the law or in any rule which permitted the granting of an extension to the appellant beyond the 10-day period fixed in Rule 1410.

We believe that the lower court gives an overly strained reading to a Rule which merely requires that, in effectuating its purpose of affording the court below the first opportunity to modify a sentence, a motion be filed within 10 days after sentence. *This is exactly what occurred here.*

We fail to perceive how appellant's request for an "extension" in his motion, without the presentation of any reasons therein justifying a modification of the sentence, somehow did violence to, or perverted the objective sought by, the Rule. In other words, we find that the lower court could have very easily set a period within which the motion to modify could have been ruled upon and still have avoided any jurisdictional time constraints. *See* Pa.R.App.P. 1701. Such action would have comported with the intent of the Rules of Criminal Procedure to achieve "simplicity in procedure" and "fairness in administration" of justice, without any undue delay. *See* Pa.R.Crim.P. 2; 1 Pa.C.S.A. § 1921(c)(6).

The cases are too numerous to cite in which the *Commonwealth's* petitions for an extension under Pa.R.Crim.P. 1100 have been filed on the 180th day, with a hearing on said petition held days or even weeks after the run-date. Yet, there has never been a requirement engrafted upon Rule 1100 precluding a review of such *timely* petitions absent a showing of prejudice on the part of the accused.

*See, e.g., Commonwealth v. Walls,* 303 Pa.Super. 284, 449 A.2d 690 (1982); *Commonwealth v. Fairley,* 298 Pa.Super. 236, 444 A.2d 748 (1982) (POPOVICH, J.).

Should we do any less when we speak in terms of a *defendant's* petition, which in the case at bar happens to be a *timely* filed motion to modify sentence? We think not, for to do so would be a reversion to a practice long since done away with, i.e., placing form over substance. Further, to adhere to the position espoused by the lower court would be to disregard the clear letter of Rule 1410 under the pretext of pursuing its spirit. *See* 1 Pa.C.S.A. § 1921(b).

We cannot approve of a ruling that borders on the picayune, especially when neither law nor logic supports such a result. Since we believe that the appellant's motion to modify should have been granted, with appropriate time constraints on a ruling thereon set by the sentencing court, we reverse the actions of the court below and remand to allow the appellant the opportunity to supplement his timely filed motion. If the motion is thereafter denied, the judgment of sentence initially entered by the sentencing court may be reinstated and the appellate process can be utilized by the accused to seek review of the lower court's actions.

Accordingly, we reverse and remand for proceedings consistent with this Opinion. Jurisdiction is relinquished.

ROBERTS, J., files a dissenting opinion.

ROBERTS, Judge, dissenting:

I dissent and would affirm the judgment of sentence, because appellant failed to file a timely motion to modify sentence pursuant to Pa.R.Crim.P. 1410.

The motion which appellant filed contained only a request for an extension of time in order to prepare a formal motion to modify the sentence. Utterly absent from the motion was any trace of a suggestion that the sentence was in excess of statutory limits, inadequately explained, not properly individualized, or otherwise erroneously entered. Ac-

companying appellant's motion was a request for entry of a proposed order stating:

"If [reasons for the motion to modify] are not set forth in detail on or before the _____ day of _____, 1982, it will be assumed by the Court that the Defendant no longer wishes to pursue said motions."

Appellant alleged that because of his transfer to a state correctional facility two days after sentencing, he was unable to convey his reasons for challenging the sentence to counsel. The sentencing court found this allegation to be incredible and summarily dismissed the motion for an extension.

The record reveals ample support for the sentencing court's determination that appellant was not, in fact, unable to convey to counsel his reasons for objection to the judgment of sentence. This determination alone, which the majority has overlooked, requires that appellant be denied relief.

More importantly, however, Pa.R.Crim.P. 1410 expressly mandates that a motion to modify a sentence "shall be filed with the sentencing court within ten (10) days after imposition of sentence," which was not done in this case. As is explained in the Comment to Rule 1410, the Rule is designed to afford the sentencing court "the first opportunity to modify the sentence" within the confines of existing practice, pursuant to which "the sentencing court is likely to have only thirty days from the imposition of sentence within which to act to modify the sentence." The Rule is not designed, as appellant would now design it, to permit the finality of a judgment of sentence to be delayed, and the orderly appellate process disrupted, for as long as it takes the complaining party to decide to gather objections to a judgment of sentence which by their very nature are not at all difficult to identify in the first instance.

Under the Rules, a motion to modify sentence must be filed within 10 days of judgment. That was not done in this case, and the judgment of sentence should be affirmed.