530 A.2d 453

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**William COLES.**

Superior Court of Pennsylvania.

Argued June 25, 1987.

Filed Aug. 24, 1987.

Ann Aschauer Osborne, Assistant District Attorney, Radnor, for Com., appellant.

Lisa M. Dinicola, Assistant Public Defender, Springfield, for appellee.

Before CIRILLO, President Judge, and McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

The Commonwealth appeals from the denial of its motion to vacate appellee's sentence as modified following a hearing on appellee's motion to reconsider.

Appellee was charged with several theft offenses under three separate criminal informations; each was accompanied by a charge of conspiracy. On July 8, 1986, he entered voluntary guilty pleas to the crimes of criminal attempt-burglary, two charges of retail theft and two charges of criminal conspiracy. As part of the plea negotiations, the Commonwealth recommended a sentence of incarceration of not less than two and one-half years, less one day, to not more than five years, less one day, for each of the offenses with sentences to run concurrently. The trial judge imposed this recommended sentence on July 8, 1986.

On July 15, 1986, the appellee filed a motion to reconsider the sentence stating that he was sole support of his wife and daughter, had a job at Quality Market, was assisting the prison chaplain and was working in prison toward a G.E.D. Although appellee argued that his sentence was too harsh, the Commonwealth opposed any reduction of the sentence. Following a hearing on the matter on July 18, 1986, the court entered an Order on July 21, 1986 reducing appellee's sentence to a term of not less than two years nor more than five years, less one day. Subsequently, the Commonwealth filed a motion to vacate the Order and to reinstate the sentence pursuant to the negotiated plea. The

trial court denied that motion on August 1, 1986, after hearing argument, and the appellee's sentence remained as modified. The Commonwealth filed this timely appeal.

The sole issue before us is whether the lower court was prevented from modifying the appellee's sentence since that sentence was a recommendation which was given the court by the district attorney and had resulted from plea bargaining negotiations.

As the trial judge correctly notes in his Opinion, "Pennsylvania has long recognized plea discussions or plea bargaining or plea negotiations as a just method of disposition in criminal cases." (Slip Op., McGovern, J., 2/12/87, p. 5.) *See also Commonwealth v. Wilkins,* 442 Pa. 524, 277 A.2d 341 (1971); *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971); *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A.2d 699 (1966). The Rules of Criminal Procedure, moreover, provide for plea agreements to be handled as follows:

**Rule 319. Pleas and Plea Agreements**

.    .    .    .    .

**(b) Plea Agreements.**

(1) The trial judge shall not participate in the plea negotiations preceding an agreement.

(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

Pa.R.Crim.P. 319(b).

In *Commonwealth v. Sutherland,* 234 Pa.Super. 520, 340 A.2d 582 (1975), we acknowledged, "a sentence

recommendation is among the 'terms' of a plea bargain,[1] and the Rule provides that if the judge cannot concur in the bargain, he must afford the defendant an opportunity to withdraw." *Id.*, 234 Pa.Superior Ct. at 525, 340 A.2d at 584–85.

■ While we have consistently held that "[s]entencing is within the sound discretion of the court and absent an abuse of discretion will not be disturbed", *Commonwealth v. Simpson*, 353 Pa.Super. 474, 477, 510 A.2d 760, 761 (1986) (citing *Commonwealth v. Arent*, 352 Pa.Super. 520, 508 A.2d 596 (1986); *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985); *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978)), under the circumstances of this case, we find the action of the trial judge was an abuse of discretion.

In the case at hand the trial judge accepted the plea, including the recommended sentence, on July 8, 1986. Only ten days later he altered the sentence, in effect, unilaterally countermanding the agreement. For the following reasons this should not have been done without the consent of the Commonwealth. We have stated:

> It is well settled that the terms of a plea bargain, which serves as an inducement to a defendant to plead guilty, must be binding on the prosecution. Therefore, the prosecutor has an affirmative duty to honor any and all such promises. If the Commonwealth violates a plea bargain, the defendant is entitled to the benefit of the bargain. (Citations omitted.)

*Commonwealth v. Potosnak*, 289 Pa.Super. 115, 121, 432 A.2d 1078, 1081 (1981).

The Commonwealth Court, in *Commonwealth v. Williams*, 333 Pa.Super. 77, 481 A.2d 1230 (1984), said "[t]he benefit of the bargain principle is ... easily—and fairly—applied in those situations where the Commonwealth promises to ask for a specific sentence and then in violation of that promise asks for a more severe sentence which is in

---

1. *See* Comment to Rule 319. *See also Commonwealth v. Bennett*, 512 Pa. 525, 517 A.2d 1248 (1986).

fact given." *Id.,* 333 Pa.Superior Ct. at 84, 481 A.2d at 1234.

In the matter at hand, the reverse situation occurred; the Commonwealth and the defendant bargained for a specified sentence and the defendant, at the plea hearing, after a full colloquy, knowingly and intelligently accepted the sentence. That colloquy is as follows:

THE COURT:

Is it so that you have chosen to enter those pleas of guilty?

THE DEFENDANT:

Yes.

THE COURT:

Has anybody promised you anything to get you to enter those pleas of guilty beyond what the District Attorney said? And let me, and before you answer that question, tell you what I understood the District Attorney to have said, and that is that he promises that he will recommend as a sentence in your case, that he will recommend a sentence of not less than two and a half years, less one day; nor more than five years, less one day; he will recommend that that time run concurrently on each of those offenses, and that it be spent in the Delaware County Prison. And he also indicated that he will be claiming restitution for the victim. Has anybody promised you anything beyond that to get you to plead guilty?

THE DEFENDANT:

No, nothing beyond that.

THE COURT:

And is that your understanding of what your discussions have been between your lawyer and the District Attorney?

THE DEFENDANT:

Yes, sir.

THE COURT:

Has anybody threatened you in anyway to get you to plead guilty?

THE DEFENDANT:

I wouldn't say threatened, just told me I'd be going to trial and my record, you know.

THE COURT:

Well, insofar as you record is concerned, whether or not that record would be put before a jury, that's a question that has to be decided by the Trial Court. Do you understand that?

THE DEFENDANT:

Yes, sir. I understand that I'd be facin' a whole lot more time.

THE COURT:

The things you've just raised, did you go over that with your lawyer?

THE DEFENDANT:

Yes, sir.

N.T. 7/8/86, pp. 6–7.

One week after the guilty pleas, appellee attempted to strip the Commonwealth of the "benefit of the bargain" when he petitioned the judge to unilaterally set aside the bargain. This was an inappropriate proceeding as by negotiating the sentence accepted by the court, the sentence could not be altered in the absence of mistake, misrepresentation or illegality. To hold otherwise would make a sham of the negotiated plea process and would give the defendant a second bite at his sentence, which we have frequently deplored in the context of withdrawal of a guilty plea. If the defendant in this case was dissatisfied with the sentencing recommendation, Pa.R.Crim.P. 319, *supra*, afforded him ample opportunity to reject the bargain prior to sentencing. The rule provides for the judge to conduct an inquiry of the defendant as to his understanding of the agreement and his willingness to accept its terms. If the judge is not satisfied that the defendant understands or accepts the terms, he may refuse to accept the plea and must afford defendant the opportunity to withdraw the plea.

■ Prior to acceptance by the court, a defendant is at liberty to withdraw his plea. After acceptance of the plea, courts have discretion to permit or direct a plea of guilty to be withdrawn at any time prior to sentencing (Pa.R.Crim.P. 320).[2] "Requests to withdraw guilty pleas prior to sentencing are to be liberally allowed for any 'fair and just' reason unless the Commonwealth will suffer 'substantial prejudice' thereby." *Commonwealth v. Kioske,* 337 Pa.Super. 593, 597, 487 A.2d 420, 422 (1985) (citing *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Dorian,* 314 Pa.Super. 244, 460 A.2d 1121, *aff'd,* 503 Pa. 116, 468 A.2d 1091 (1983)). "Only upon a defendant's presentation of a 'fair and just' reason for withdrawal will a court then consider the prejudice to the Commonwealth resulting from the withdrawal." *Kioske, supra* 337 Pa.Super. at 598, 487 A.2d at 422.

■ Where withdrawal of a guilty plea is sought *after* a sentence has been imposed, however, "a showing of prejudice amounting to manifest injustice is required before withdrawal is properly justified." *Williams, supra* 333 Pa.Super. at 83, 481 A.2d at 1233. *See also Commonwealth v. Johnson,* 319 Pa.Super. 463, 466 A.2d 636 (1983). Further, "[a] plea of guilty usually constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea." *Johnson, supra,* 319 Pa.Superior Ct. at 474, 466 A.2d at 642 (citing *Commonwealth v. Moyer,* 497 Pa. 643, 444 A.2d 101 (1982)).[3] *See also Commonwealth v. Casner,* 315 Pa.Super. 12, 461 A.2d 324 (1983).

■ The trial judge, in his Opinion, states there exists a "clear right of a criminal defendant to file a motion to modify sentence following a negotiated plea of guilty."

---

2. "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Pa.R.Crim.P. 320.

3. "A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence." Pa.R.Crim.P. 321.

(Slip Op. at 7.) For this proposition, he cites *Commonwealth v. Horst,* 332 Pa.Super. 401, 481 A.2d 677 (1984). *Horst* involved an appeal by a defendant who had filed a written motion to modify sentence under Pa.R.Crim.P. 1410 on the last day permitted. The appellant failed to set forth in the motion reasons warranting reconsideration. This Court remanded the case to allow the appellant the opportunity to supplement his timely filed motion. Although, in effect, we permitted the appellant to file a motion to modify sentence even though his sentencing had resulted from a negotiated plea, the *Horst* case can be reconciled with the case at hand. *Horst* merely preserves the defendant's right to file a motion for modification of sentence, as long as it has been filed on a timely basis.[4] The Comment to Pa.R. Crim.P. 1410, **Motion to Modify Sentence,** leaves the door open for a defendant to file for modification of sentence, despite his plea of guilty. That Comment provides:

> A defendant who, following a plea of guilty, seeks to file a motion for modification of sentence under Rule 1410, and a motion challenging the validity of the guilty plea or the denial of a motion to withdraw the plea under Rule 321, should combine the motions, and the court should dispose of them together.

The Commonwealth, in its brief, correctly points out that a motion to modify sentence might present issues other than excessiveness of sentence; for example, the motion may seek correction of omissions or defects in the record, errors of the clerk or court officer or the correction of a fraudulently procured sentence. *See* appellant's brief at 11, citing *Commonwealth v. Fiore,* 341 Pa.Super. 305, 491 A.2d 276 (1985). Also, where a plea agreement is an *open one* as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved.

---

**4.** "A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence." Pa.R.Crim.P. 1410.

With the above considerations to guide it, the court then should review the motion for reconsideration for allegations of defects going to the jurisdiction of the court, the legality of the sentence and the validity of the plea, *see Johnson, supra,* or for errors in the record, errors of the clerk or the correction of a fraudulently procured sentence.

Under circumstances such as presented in this case, a defendant, who is dissatisfied with his sentence resulting from a negotiated guilty plea, is free to move to withdraw his guilty plea. He must, however, show a prejudice amounting to manifest injustice before withdrawal is properly justified. *See Williams, supra.* These standards of review have been established in an effort to encourage the parties to a criminal case to enter a plea bargain arrangement. "Plea bargaining is a vital aide [sic] to the effectuation of criminal justice." *Commonwealth v. McKee,* 226 Pa.Super. 196, 313 A.2d 287 (1973). If the trial judge was convinced that the sentence was inappropriate under those standards, vacating the sentence and setting aside the guilty plea would return the Commonwealth and defendant to parity, from which a new plea could be entered or the case presented for trial. In effect, if the judge had no basis for permitting withdrawal of the guilty plea, none existed for modification of sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. As we stated earlier, the Commonwealth cannot violate the conditions of its bargain, *Potosnak, supra, Williams, supra,* nor should the court permit the defendant to do so. Thus we find the trial court judge overstepped his bounds and committed an abuse of discretion when he granted appellee's motion to modify sentence.

As there are no allegations here that the court lacked jurisdiction or which go to the legality of the sentence or the validity of the plea, we see no need to remand the

matter for the lower court's reconsideration. We find the Order modifying the sentence to have been in error.

Order modifying sentence vacated; original judgment of sentence reinstated.

Jurisdiction relinquished.