J. S67032/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                     Appellee      :

                 v.                :

PHILIP J. MCKAY, JR.,              :

                 Appellant     :      No. 714 WDA 2014

Appeal from the Judgment of Sentence November 25, 2013
In the Court of Common Pleas of Elk County
Criminal Division No(s).: CP-24-CR-0000303-2011

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED APRIL 24, 2015**

Appellant, Philip J. McKay, Jr., appeals from the judgment of sentence entered in the Elk County Court of Common Pleas following an open guilty plea to access device fraud[1] and a bench trial for the sole determination of the amount of restitution. Appellant challenges the amount of restitution ordered by the court. We affirm.

We state the facts and procedural history as follows.

> By criminal complaint filed October 6, 2011, defendant/appellant Philip James McKay, Jr., was charged with two counts of access device fraud, 18 Pa. C.S.A.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4106(a)(1)(iv).

4106(a)(1)(ii) and (iv); one count of theft by unlawful taking or disposition, 18 Pa. C.S.A. 3921(a); one count of receiving stolen property, 18 Pa. C.S.A. 3921(a); and one count of theft by failure to make required disposition of funds received, 18 Pa. C.S.A. 3925(a), with all of the offenses being graded as felonies of the third degree. The charges related to funds administered by him for the Ridgway Volunteer Fire Department (RVFD). Ultimately, as a result of plea negotiations, the defendant pled guilty on December 21, 2012, to the offense of access device fraud, 18 Pa. C.S.A. 4106(1)(iv), graded as a misdemeanor of the first degree.[2]

The record was kept open and sentencing was deferred to permit counsel for the Commonwealth and [Appellant] to supplement the evidence with regard to the restitution claims of the RVFD. After having received the second joint stipulation of counsel which addressed restitution, this Court entered Findings and an Order on November 8, 2013, the net effect of which was that the amount of restitution determined to be owed by the defendant was $10,698.43. [Appellant] was subsequently sentenced on November 25, 2013, to a five year period of probation and, inter alia, to pay restitution in the aforesaid amount to the RVFD.[3]

A timely post-sentence motion was filed on behalf of the defendant on December 5, 2013, in the nature of a motion to modify the sentence imposed by this Court, with the only issue raised by [Appellant] in his post-sentence motion being the amount of restitution he was ordered to pay. Curiously, the amounts disputed by defendant/appellant in Paragraphs 2, 3 and 4 of his post-sentence motion totaled only $10,353.92 and therefore

---

[2] In exchange for a lesser gradation, Appellant agreed the court could order him to pay restitution in an amount exceeding the statutory limit for a misdemeanor of the first degree. N.T., 12/21/12, at 22. Appellant does not challenge on appeal this aspect of his plea.

[3] Per 18 Pa.C.S. § 1106, the amount of restitution was properly set at the time of sentencing.

> less than the total amount of restitution ordered to be paid in the amount of $10,698.43. This disparity is consistent with the lack of specificity provided by [Appellant] in the promotion of his claims that the Court erred in its determination of the amount of restitution owed.

Trial Ct. Op., 6/20/14, at 1-2.

We add that at the December 21, 2012 plea hearing, the court heard testimony and evidence regarding the amount owed. Approximately 60 out of over 160 transactions were in dispute. **See generally** Joint Ex. 1. The fire chief testified that he had to approve the expense in order for reimbursement to occur. N.T., 12/21/12, at 52-53. Two additional witnesses also testified for the Commonwealth about Appellant's unauthorized expenditures. **See generally id.** Appellant also testified about some of the transactions, contending that many of them were substantiated by documents or implicitly authorized. **See, e.g.**, **id.** at 57-58 (referencing a receipt for a December 3, 2008 transaction for $83.96 for batteries). On March 11, 2013, and August 9, 2013, the parties stipulated that Appellant owed $5,435.63.[4] On November 8, 2013, the court entered the order above, and denied Appellant's post-sentence motion on April 3, 2014. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue:

---

[4] Neither stipulation was included as part of the certified record.

> Whether the trial court erred in ordering [Appellant] to pay restitution to the Ridgway Volunteer Fire Department in the amount of . . . $10,698.43 . . . due to Commonwealth's lack of evidence and [Appellant's] testimony showing that the alleged transactions were legitimate Ridgway Volunteer Fire Department transactions [sic] and the [trial court] not giving [Appellant] credit for repayment.

Appellant's Brief at 4.

In support of his sole issue, Appellant claims the trial court failed to accept his uncontradicted testimony on the following: (1) disputed transactions for which he had a receipt; (2) disputed transactions for which he had no receipt; and (3) payments he made to RVFD. He concedes guilt to unlawful use of RVFD funds for personal use but maintains the restitution amount ordered by the trial court does not reflect the actual loss by RVFD or any payments he made. We are reluctantly constrained to hold Appellant is due no relief.

As a prefatory matter, we acknowledge that when a defendant enters a guilty plea, he waives his right to "challenge on appeal all non-jurisdictional defects except the legality of [his] sentence and the validity of [his] plea." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted). However, "where a plea agreement is an open one as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved." *Commonwealth v. Coles*, 530 A.2d 453, 457

(Pa. Super. 1987); *accord Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994) ("We believe that justice requires that we treat this case as an 'open' plea and permit an appeal to the discretionary aspects of sentencing."). "[W]here the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing." *In re M.W.*, 725 A.2d 729, 731 n.4 (Pa. 1999) (citation omitted).

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Googins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.***

Instantly, Appellant timely appealed, preserved his issue in his post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. ***See Evans***, 901 A.2d at 533. Appellant's Rule 2119(f) statement substantially complies with ***Goggins***, as it alleges that the amount of restitution was not supported by the record and thus, was excessive.[5] ***See In re M.W.***, 725 A.2d at 731 n.4. Accordingly, we examine the merits.

Restitution is mandated by statute. 18 Pa.C.S. § 1106; 42 Pa.C.S. § 9754. Our Supreme Court held that restitution is treated differently when it is imposed as a condition of probation, as opposed to when it is a sentence:

> When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. However, **when restitution is ordered**

---

[5] Moreover, the Commonwealth did not object on the basis of a deficient Rule 2119(f) statement.

> **as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. . . .**
>
> Such sentences are encouraged and give the trial court the flexibility to determine all the direct **and indirect damages** caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.
>
> Thus, **the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation.**

*In re M.W.*, 725 A.2d at 732 (citations omitted and emphases added).

Our Superior Court has similarly reiterated:

> While restitution **cannot be indiscriminate**, an indirect connection between the criminal activity and the loss is sufficient.
>
> This more liberal standard for ordering restitution is consistent with the rehabilitative purposes of probation. Thus, even without direct causation, a court may properly impose restitution as a probationary condition if the court is satisfied that the restitution is designed to rehabilitate the defendant and to make some measure of reimbursement to the victim. Such sentences afford courts latitude to order restitution so that offenders will understand the egregiousness of their conduct, be deterred from re-offending, and be encouraged to live responsibly. They also give sentencing courts flexibility to determine all direct and indirect damages caused by an offender.

*Commonwealth v. Harriott*, 919 A.2d 234, 238 (Pa. Super. 2007)

(citations omitted and emphasis added); *cf. Commonwealth v. Reed*, 543

A.2d 587, 589 (Pa. Super. 1988) (holding restitution imposed as part of sentence "must be supported by the record; it may not be speculative or excessive.").

> Thus, **recompense to the victim is only a secondary benefit, as restitution is not an award of damages.** Although restitution is penal in nature, it is highly favored in the law and encouraged so that the criminal will understand the egregiousness of his or her conduct, be deterred from repeating the conduct, and be encouraged to live in a responsible. Thus, restitution, at its core, involves concepts of rehabilitation and deterrence.

*Commonwealth v. Brown*, 981 A.2d 893, 895-96 (Pa. 2009) (citations omitted and emphasis added).

Instantly, there were approximately sixty disputed transactions. *See generally* Joint Ex. 1. The court heard witness testimony, accepted evidence regarding these transactions, and gave each the appropriate weight. *See generally* N.T., 12/21/12, at 25-113. We have carefully reviewed the record and cannot conclude the trial court abused its discretion. *See In re M.W.*, 725 A.2d at 732 (holding sentencing court afforded flexibility and latitude to calculate direct and indirect damages when restitution is ordered as condition of probation); *accord Brown*, 981 A.2d at 895-96 (holding compensation to victim is secondary benefit); *Harriott*, 919 A.2d at 238. We affirm the judgment of sentence below. *See Evans*, 901 A.2d at 533-34.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015