J. S33012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL TAYLOR, | : | No. 573 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 14, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004788-2013

BEFORE: FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JUNE 17, 2015**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Delaware County following appellant's conviction for possession of a controlled substance with intent to deliver. Appointed counsel, Patrick J. Connors, Esq., has filed a petition to withdraw, alleging that the appeal is wholly frivolous, accompanied by an ***Anders*** brief.[1] We grant counsel's withdrawal petition and affirm the judgment of sentence.

On June 20, 2013, appellant was apprehended by parole agents for violation of parole. A search of his person uncovered a Ziploc bag containing 10 bundles of heroin. The agents turned appellant over to Chester police officers. Appellant was subsequently charged with possession of a controlled

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

substance, possession of a controlled substance with intent to deliver, and possession of drug paraphernalia.[2]

On January 14, 2014, pursuant to a negotiated guilty plea agreement, appellant pleaded guilty to possession of a controlled substance with intent to deliver. In exchange, the Commonwealth recommended a sentence of 12 to 24 months' imprisonment followed by 2 years' probation and dismissed the remaining charges. Immediately following the plea, the court imposed the recommended sentence. A timely notice of appeal was filed on February 12, 2014. In response to the trial court's order to file a statement of errors complained of on appeal, appellant's counsel filed a statement of intent to file an ***Anders*** brief under Pa.R.A.P. 1925(c)(4).[3] Consequently, the trial court declined to issue a Pa.R.A.P. 1925(a) opinion and had the record certified for transmittal to this court.

---

[2] 35 P.S. § 780-113(a)(16), (a)(30), and (a)(32), respectively.

[3] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [***Anders***] brief in lieu of filing a Statement. If, upon review of the [***Anders***] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

On April 24, 2014, appellant's counsel filed in this court a motion to withdraw as counsel and an **Anders** brief, wherein counsel states there are no non-frivolous issues preserved for our review. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Santiago**, 978 A.2d at 361.

Our review of Attorney Connors's application to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of

the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this court's attention, and attached to the *Anders* petition a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005). *See Daniels*, 999 A.2d at 594 ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent."). As Attorney Connors has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

The sole issue put forward by counsel as having possible merit contends that the sentence imposed was excessive, which raises the discretionary aspects of appellant's sentence. "It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of

sentence, and the validity of the guilty plea." **Commonwealth v. Dalberto**, 648 A.2d 16, 18 (Pa.Super. 1994), appeal denied, 655 A.2d 983 (Pa. 1995), **cert. denied**, **Dalberto v. Pennsylvania**, 516 U.S. 818 (1995). The **Dalberto** court went on to hold that the discretionary aspects of sentence could be contested following a guilty plea only where the plea was open and the terms of the sentence were not negotiated. **Id.** at 18-22.

Traditionally, a negotiated plea refers to one where the terms of the sentence are set by the parties and if the agreement is accepted by the court, that sentence must be imposed. Instantly, the plea agreement provided for a recommended sentence. Under these circumstances, if the court accepts the plea agreement it may or may not impose the recommended sentence, but if the court rejects the recommended sentence it must afford the defendant an opportunity to withdraw the plea, so long as the plea did not prohibit withdrawal. **Commonwealth v. Pardo**, 35 A.3d 1222, 1228 (Pa.Super. 2011), **appeal denied**, 50 A.3d 125 (Pa. 2012).[4] In

---

[4] [W]hen a written plea agreement includes specific language that the defendant knowingly waives his right to withdraw his plea if the trial judge shall not concur in the recommended sentence, the defendant is not entitled to withdraw his plea; but if a plea agreement is silent on whether the defendant may withdraw the plea in the event that the trial court does not concur in the recommended sentence, the defendant shall be entitled to withdraw his plea, as is the current practice under Rule 319.

**Pardo**, 35 A.3d at 1228, quoting **Commonwealth v. Porreca**, 595 A.2d 23, 26 (1991).

its analysis, the **Dalberto** court cited with approval **Commonwealth v. Coles**, 530 A.2d 453 (Pa.Super. 1987), **appeal denied**, 559 A.2d 34 (Pa. 1989).

In **Coles**, appellant and the Commonwealth entered a plea agreement calling for a recommended sentence. Initially, the trial court imposed the recommended sentence, but upon a motion to reconsider by appellant, the trial court reduced the sentence. On appeal by the Commonwealth, the **Coles** court held that a plea containing a recommended sentence is a bargain for a specific sentence and that to allow its modification deprives the Commonwealth of the benefit of its bargain, turning the negotiating process into a sham. **Coles**, 530 A.2d at 456-458. Consequently, the **Coles** court vacated the order modifying the original sentence.

In citing **Coles**, the **Dalberto** court indicated that an accepted recommended sentence was tantamount to a negotiated sentence for purposes of not being permitted to raise the discretionary aspects of sentence following a guilty plea. Thus, appellant cannot now raise the discretionary aspects of his sentence because the sentencing recommendation he bargained for was accepted by the guilty plea court. This issue is wholly without merit.

We find this appeal to be wholly frivolous, and our independent review of the entire record has not disclosed any other potentially non-frivolous

issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph                    D.                    Seletyn,                    Esq.
Prothonotary

Date: 6/17/2015