J-S61008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KYLE DAVIS SMITH | |
| Appellee | No. 76 MDA 2015 |

Appeal from the Order Entered December 22, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000939-2011

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 13, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the order modifying the conditions of Appellee, Kyle Davis Smith's probation from supervised to unsupervised.  The Commonwealth argues that the order improperly deprives it of the benefit of the negotiated plea bargain it reach with Smith.  We agree with the trial court that modifications of the terms of probation are inherently discretionary within the power of the probation office, which falls under the supervision of the trial court.  We therefore affirm.

On April 27, 2011, Smith entered a guilty plea to charges arising from Smith's driving while intoxicated.  Smith was a minor at the time of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

offense. The trial court accepted Smith's plea agreement with the Commonwealth, and sentenced Smith to five years of intermediate punishment. The first 45 days were to be served in work release, the following 45 days on house arrest with electronic monitoring. Following the first 90 days, the trial court sentenced Smith to two months of intensive supervision. The trial court placed no explicit conditions upon the remainder of the sentence imposed.

On December 11, 2014, Smith filed a petition to terminate his sentence with the trial court. After a conference on the petition, the trial court indicated that it would not terminate the sentence of probation, but that it would modify the terms of probation to unsupervised for the remainder of the sentence. The next day, the trial court entered an order denying the petition to terminate, but modifying the terms of probation to unsupervised. The Commonwealth filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

On appeal, the Commonwealth argues that it has been deprived of the benefit of the plea agreement it reached with Smith. The Commonwealth is entitled to the enforcement of the terms of a plea agreement that has been accepted by the sentencing court. *See Commonwealth v. Coles*, 530 A.2d 453, 458 (Pa. Super. 1987). The sentencing court may not impose a lesser sentence than that which the parties agreed to if the Commonwealth has already modified its charges pursuant to the plea agreement. *See*

***Commonwealth v. Parsons***, 969 A.2d 1259, 1269-1270 (Pa. Super. 2009).

However, the Commonwealth's reliance on ***Coles*** and ***Parsons*** is misplaced. In both cases, the sentencing court failed to abide by an explicit term of the plea agreement, and therefore the sentences were vacated. In ***Coles***, the plea agreement recommended, and the sentencing court initially imposed, a minimum term of imprisonment of 2½ years. Upon motion for reduction filed by the defendant, the trial court subsequently reduced the minimum term of imprisonment to 2 years. Similarly, in ***Parsons***, the plea agreement called for a term of imprisonment of 6 to 23 months. The sentencing court, however, imposed only a 3 month sentence of probation. Here, the plea agreement explicitly called for a sentence of intermediate punishment for 5 years, with additional conditions of work release for 45 days, house arrest for 45 days, and intensive supervision for 2 months.

The Commonwealth does not argue that any of these explicit conditions have been violated. Rather, the Commonwealth argues that supervised probation is an implicit condition of the plea agreement. The Commonwealth's position is premised upon the fact that the condition of unsupervised probation is listed on the form order but is unchecked. Thus, the Commonwealth contends the trial court is without the power to modify the terms of supervision.

It is undisputed that, absent the plea agreement, the sentencing court "may at any time terminate continued supervision or lessen or increase the conditions" of a sentence of probation. 42 Pa.C.S.A. § 9771(a). A hearing is required if the court desires to revoke a sentence of probation or increase the conditions of the sentence, but no hearing is required to eliminate the sentence or decrease the conditions. *See* 42 Pa.C.S.A. § 9771(d). Thus, the only question left before us is whether the lack of a check mark on the form order constitutes an explicit imposition of its negative.

We conclude that it does not. If the check box for unsupervised probation had been marked, it would have required the initial conditions of the probation, after the approximately 5 months explicitly dealt with in other provisions, to be unsupervised, as part of the benefit Smith received from the bargain. The fact that the check box is unmarked is not conclusive evidence of any other proposition than Smith did not have a right to unsupervised probation. The form agreement provides a space for any additional explicit conditions that either party wishes to include. Therefore, the absence of a mark in the unsupervised probation box is appropriately interpreted to mean that the amount of supervision required is subject to the

discretion of the court, as normally, but necessarily, exercised by the probation department of the Court of Common Pleas.[1]

The Commonwealth concedes that the behavior of the probationer can justify a subsequent modification of the conditions of probation, despite the presence of a plea agreement, as an inherent part of the process of probation. **See** Appellant's Brief, at 15. However, the Commonwealth makes much of the fact that, in this case, it is the sentencing court ordering a modification of the conditions, and not a probation officer acting within his normal discretion.

We find the Commonwealth's argument inapposite. As noted above, the Lancaster County Adult Probation and Parole Services agency exercises this discretion only as a designee of the sentencing court. The Commonwealth does not provide any authority to the contrary.

Thus, we conclude that the trial court had the power, pursuant to 42 Pa.C.S.A. § 9771, to modify any conditions of the sentence of probation not addressed by an explicit provision of the plea agreement. Since the form order did not contain any explicit prohibition of unsupervised probation, the

---

[1] We take judicial notice of the fact that The Lancaster County Adult Probation and Parole Services is under the supervision of the President Judge of the Court of Common Pleas of Lancaster County, and the agency's director reports to the District Court Administrator. **See** https://pa-lancastercountycourts.civicplus.com/122/Adult-Probation, retrieved 10/29/15.

sentencing court did not deprive the Commonwealth of the benefit of the plea agreement. The Commonwealth's arguments on appeal merit no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015