J-S59020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABDURRAHMAN AMIN | : | |
| | : | |
| Appellant | : | No. 1209 EDA 2017 |

Appeal from the Judgment of Sentence November 16, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0009344-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 29, 2018**

Abdurrahman Amin appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, following entry of an open guilty plea to third-degree murder.[1]  After our review, we affirm.

On September 27, 2015, Amin and three other men planned a home invasion at 2388 Philmont Avenue in Huntingdon Valley.  The residence was the home of Egyniah Mohammad, the ex-girlfriend of one of the conspirators.  The four men drove to the home at approximately 11 p.m.  They approached the home from the back yard; two of the men, both masked and armed with handguns, entered the home by kicking in the back door.  Amin and the other man remained at the back door.   The two men went up to the second floor, and encountered Kevin Brown, who was Mohammad's father.  A struggle

_____

[1] 18 Pa.C.S.A. § 2502.

ensued and the victim was able to shut the door to his bedroom to protect his wife. Five shots were fired through the door, one striking Brown in the throat and killing him. Brown's wife was not injured. Their children and their grandchild, hiding in closets, were also not injured. The two men fled the house and were joined in their flight by Amin and the other man. Once in the car, they drove to Philadelphia.

Amin was arrested two months later. He entered an open guilty plea, based on his accomplice liability, to third-degree murder. At sentencing on November 16, 2016, the parties agreed that the standard-range guidelines provide for a minimum sentence of 96 to 240 months' imprisonment, or 8 to 20 years, and Amin indicated that he understood the guideline range as well as the statutory maximum sentence that the court could impose of 20 to 40 years' imprisonment and a $50,000 fine.

The Honorable Thomas P. Rogers imposed a sentence of 15 to 30 years' imprisonment. Amin filed a timely post-sentence motion, which was denied, and this appeal followed. Amin raises one issue for our review:

> Did the sentencing court abuse its discretion by failing to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b), to wit: the rehabilitative needs of the defendant, by failing to consider the defendant's age, personal characteristics, and potential for rehabilitation?

Appellant's Brief, at 2.[2]

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his [or her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

**Commonwealth v. Machicote**, 172 A.3d 595, 602 (Pa. Super. 2017) (citation omitted). Here, Amin has filed a timely notice of appeal, preserved the issue in his post-sentence motion, and included a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief. **See** Appellant's Brief, at 5. Thus, we turn to whether Amin raises a substantial question.

In his Rule 2119(f) statement, Amin states that "the court sentenced him based solely on the seriousness of the offense and failed to consider any rehabilitative needs of the defendant including his age, personal

---

[2] Where there have been no sentencing restrictions in a plea agreement, an "open plea," the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. **Commonwealth v. Dalberto**, 648 A.2d 16 (Pa. Super. 1994), *appeal denied*, 540 Pa. 594, 655 A.2d 983, *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995); **accord Commonwealth v. Coles**, 530 A.2d 453, 457 (Pa. Super. 1987) (noting, "where a plea agreement is an open one as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved.") (citation omitted). Therefore, despite his open plea of guilty, Amin may challenge the discretionary aspects of his sentence. **See Dalberto**, 648 A.2d at 20.

characteristics and potential for rehabilitation." *Id*. The determination of what constitutes a substantial question is evaluated on a case-by-case basis. *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Pursuant to statute, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under [s]ection 9721(b), however, the record as a whole must reflect due consideration by the court of the statutory considerations at the time of sentencing." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (quotation marks and citation omitted). As such, we find Amin has raised a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (allegation that sentencing court failed to consider "relevant sentencing criteria" set forth in section 9721(b) raises substantial question); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa. Super. 2015) ("a claim the trial court

focused solely on the nature of the offense . . . presents a substantial question.").

We now turn to the merits of Amin's claim.

> Our review of a challenge to the discretionary aspects of sentencing is limited. Sentencing is a matter vested in the sound discretion of the sentencing judge and a sentence will not be disturbed absent a manifest abuse of discretion. . . . [T]he appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (en banc)).

Amin argues that the court failed to consider that his age, nineteen at the time of the crime, and his immaturity, led to his poor decision-making. He also argues that the evidence showed that "he was a follower, not a leader[,]" and that the court should have considered that as well. Appellant's Brief, at 6. Amin further points to his mother's testimony that there was not a time when he "wasn't in school or working at a job," and that this was a reflection of his character. *Id.* at 7. Amin argues that his history of working whenever possible and earning college credits portrays a "responsible individual" and that he can be "rehabilitated in far less time than the 15 years the Court feels it will take[.]" *Id.*

We have reviewed the parties' arguments, the record, including the plea colloquy and sentencing hearing, and the relevant law. We conclude that the sentencing court's decision was the product of a thoughtful and considered

- 5 -

assessment of Amin's individual circumstances. That the court highlighted the violent and senseless nature of this crime does not negate that fact. The record indicates that the court did consider Amin's age, his upbringing, and the fact that he was not the shooter. *See* N.T. Sentencing, 11/16/16, at 33 ("[W]e know that he was not the shooter in the case. He was the extra muscle, rounded up for this home invasion. And due to his age, the Commonwealth took all that into consideration. And we felt that a sentence of less than life was appropriate for Mr. Amin. . . . They all went along with this, and they all actively participated.").

Further, the court reviewed the presentence investigation report, and considered it as well as Amin's juvenile adjudications (possession of a firearm by a minor, firearms not to be carried on the street, and carrying a firearm on public streets in Philadelphia in 2012, and the same three charges in 2013). *Id.* at 42. Where the court had the benefit of a presentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014), citing *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013). Thus, we presume the court properly weighed the mitigating factors in Amin's case. *See Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006). Moreover, while Amin repeatedly states that the court failed to consider his rehabilitative needs, he at no point specifies what those

needs are, nor identifies where in the record of the sentencing hearing he alerted the court to his unspecified rehabilitative issues. Additionally, contrary to Amin's argument, the trial court was required to consider the seriousness of his offenses in fashioning his sentence, and the court did not focus on that factor alone. *See* 42 Pa.C.S.A. § 9721(b). We find no manifest abuse of discretion. ***Hyland***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/18