J-S02001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG GRAY | : | |
| | : | |
| Appellant | : | No. 1719 EDA 2019 |

Appeal from the PCRA Order Entered May 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000072-2010

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: APRIL 5, 2021**

Appellant, Craig Gray, appeals *pro se* from the post-conviction court's
May 17, 2019 order, dismissing as meritless his timely petition filed pursuant
to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We
affirm.

The PCRA court summarized the background of this case as follows:

On September 12, 2011, before the Honorable Carolyn Engel
Te[min], [Appellant] entered a negotiated guilty plea [to] third-
degree murder and possession of an instrument of crime.
[Appellant] was sentenced to 20-40 years' imprisonment for the
murder conviction and 2½-5 years' imprisonment for the
possession of an instrument of crime conviction, to run
concurrently.

[Appellant] filed a timely motion to withdraw his guilty plea on
September 22, 2011.  The trial court denied the motion on
September 26, 2011.  No direct appeal was filed on [Appellant's]
behalf at this time.

On September 7, 2012, [Appellant] filed his first *pro se* PCRA
petition.  PCRA counsel, John P. Cotter, Esquire, was appointed

and counsel filed an amended petition on May 6, 2015[,] based on ineffective assistance of counsel. In his amended petition, [Appellant] requested *nunc pro tunc* reinstatement of his direct appeal rights since trial counsel failed to file a notice of appeal to [the] Superior Court despite his request for counsel to do so. [Appellant's] rights to file a direct appeal were reinstated *nunc pro tunc* on December 22, 2015. The Superior Court affirmed [Appellant's] judgment of sentence on January 12, 2017, holding that the trial court did not abuse its discretion when it denied [Appellant's] motion to withdraw his guilty plea because he knowingly, intelligently, and voluntarily entered the agreement despite his assertion of a mental health issue. [***Commonwealth v. Gray***, 160 A.3d 252 (Pa. Super. 2017).] The Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on October 17, 2017. [***Commonwealth v. Gray***, 172 A.3d 1116 (Pa. 2017)].[1]

On October 18, 2018, [Appellant] filed his … instant, *pro se* PCRA petition, seeking relief based upon ineffective assistance of counsel and improper obstruction by a government official. PCRA counsel was appointed and counsel filed a ***Finley***[1] letter on April 2, 2019. On April 16, 2019, this [c]ourt sent [Appellant] a notice pursuant to Pennsylvania Rule of Criminal Procedure 907, indicating that his petition would be dismissed as meritless. [Appellant] did not file a response to the [Rule] 907 Notice. On May 17, 2019, after conducting a thorough and independent review of the record, this [c]ourt dismissed [Appellant's] petition

---

[1] Our review of the record demonstrates that Appellant did not seek review with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on January 15, 2018, when the time for filing a petition for writ of *certiorari* to the U.S. Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S.Sup.Ct.R. 13 (providing that "[a] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). Thus, Appellant's second petition, filed on October 18, 2018, was timely. ***See*** 42 Pa.C.S. § 9545(b)(1) (setting forth that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

without a hearing as meritless.[2]  On June 10, 2019, [Appellant] filed a [*pro se*] notice of appeal to the Superior Court.[3]

> [1] Where PCRA counsel has determined that the issues raised in a defendant's *pro se* PCRA petition are without merit, she [or he] may inform the court and seek to withdraw. ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA Court Opinion (PCO), 12/20/19, at 1-3.

Appellant raises one issue for our review, which we set forth *verbatim*:

> Whether the PCRA Court erred in dismissing the PCRA without a hearing for lack of merit.  When the Sentencing Court misadvised the Appellant of the time requirements to file a post-sentencing motion amounts to governmental interference?

Appellant's Brief at 4.

At the outset, we note that our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error."  ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted).

Appellant argues that, during sentencing on September 12, 2011, the court advised him that he had 30 days to file a post-sentence motion.  ***See*** Appellant's Brief at 10-11.  Believing that he had 30 days, he says he filed a motion asking the court to reconsider his sentence within that timeframe, specifically on October 6, 2011.  ***Id.*** at 11.  However, he claims that the

---

[2] The PCRA court also permitted counsel to withdraw from further representation of Appellant pursuant to his ***Finley*** letter.

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he did not do so. The PCRA court subsequently issued a Rule 1925(a) opinion.

sentencing court deemed his post-sentence motion untimely.  ***Id.***[4]  He complains that the sentencing court's misadvising him of the time requirements to file a post-sentence motion constituted governmental interference and caused the untimely filing of his motion.  ***Id.*** at 7.  In his *pro se* petition, he claimed that these circumstances made him eligible for relief under Section 9543(a)(2)(iv) of the PCRA.  ***See*** PCRA Petition, 10/18/18, at 3.

> Section 9543(a)(2)(iv) states:
>
> **(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> ***
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> ***
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

42 Pa.C.S. § 9543(a)(2)(iv).

> In dismissing Appellant's petition, the PCRA court explained:
>
> [Appellant] has failed to plead and prove by a preponderance of the evidence that his sentence resulted from the alleged improper obstruction of the sentencing court, as required by [Section]

---

[4] The docket does not reflect these filings.  However, Appellant attaches to his brief a letter from the sentencing judge, dated October 29, 2011, advising him that she received his October 6, 2011 letter, and that it is "too late" for him to request reconsideration of his sentence.  ***See*** Appellant's Brief at Exhibit B.  Appellant also attached the sentencing court's letter to his PCRA petition.

9543(a)(2)(iv). More specifically, [Appellant] has failed to demonstrate that he did not know of the facts upon which he bases his claim. Although the [sentencing] court somewhat ambiguously stated "you have 30 days to appeal or asking [*sic*] me to reconsider the sentence," any ambiguity that the statement might have caused was resolved by the written guilty plea colloquy form, which explicitly states[,] "I have ten (10) days after sentencing to file a motion to complain about the sentence or I lose the right to do that." During his colloquy, [Appellant] stated that he reviewed that written guilty plea colloquy form with his attorney before signing it. [Appellant] was well aware of his obligation to file a motion for reconsideration within ten days of his sentencing, and the record does not substantiate his justification for his believing he had more time. Therefore, [Appellant] has failed to plead and prove by a preponderance of the evidence that his sentence resulted from the alleged improper obstruction of the sentencing court, and his petition was properly dismissed for lack of merit.

PCO at 6-7. While we concur with Appellant that the sentencing court's verbal instruction was incorrect or — at the very least — confusing, we agree with the PCRA court that Appellant failed to demonstrate improper obstruction where the written guilty plea colloquy form set forth the time requirements for filing a motion for reconsideration of sentence. *See* Written Guilty Plea Colloquy, 9/12/11, at 3 ("I have ten (10) days after sentencing to file a motion to complain about the sentence or I lose the right to do that.").[5]

Moreover, in addition to the instructions in the written guilty plea colloquy form, we observe that Appellant has not shown that a meritorious appealable issue existed here. Appellant entered a negotiated guilty plea with the Commonwealth, and the sentencing court sentenced him in accordance

---

[5] We also note that Appellant was represented by counsel at that time, and his counsel filed a timely motion to withdraw the plea agreement.

- 5 -

with that plea agreement. Appellant does not identify in his brief what meritorious issue(s) regarding his sentence he would have raised, had the sentencing court not misadvised him of the time constraints for filing a motion for reconsideration of sentence. *Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. … This Court will not act as counsel and will not develop arguments on behalf of an appellant."); *see also Commonwealth v. Coles*, 530 A.2d 453, 457 (Pa. Super. 1987) ("[A] plea of guilty usually constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea.") (citations and footnote omitted). Accordingly, Appellant's claim fails on this basis as well. Consequently, we affirm the PCRA court's order dismissing his petition as meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/21