J. S64037/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DONALD HENRY GLOVER, SR., :
:
Appellant : No. 729 MDA 2015

Appeal from the Judgment of Sentence October 10, 2013
In the Court of Common Pleas of Susquehanna County
Criminal Division No(s).: CP-58-CR-0000019-2013

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED OCTOBER 26, 2015**

Appellant, Donald Henry Glover, Sr., appeals from the judgment of sentence entered in the Susquehanna County Court of Common Pleas following an open guilty plea to third-degree murder.[1] He claims the court's sentence of ten to thirty years' imprisonment was excessive and he should have been sentenced in the mitigated range. We affirm.

The facts are not relevant to our disposition. The court sentenced Appellant on October 10, 2013.[2] Appellant did not appeal and the court

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] We note the court acknowledged the existence of a presentence investigation report. **See** N.T. Sentencing Hr'g, 10/10/13, at 2.

docketed Appellant's Post Conviction Relief Act[3] ("PCRA") petition on October 14, 2014.[4]  On March 27, 2015, the court granted Appellant's petition to the extent he requested reinstatement of his direct appeal rights.  Order, 3/27/15.  Appellant timely appealed on April 24, 2015.  The court did not order Appellant to comply with Pa.R.A.P. 1925(b).

Appellant raises the following issue:

> Whether the sentence imposed was excessive and an abuse of discretion?

Appellant's Brief at 7.  In support of his sole issue, Appellant presents a somewhat confusing argument.  He contends that sentencing counsel was ineffective by not presenting evidence of the victim's abuse, which would have purportedly warranted a mitigated sentence.  *Id.* at 10.  Appellant argues that the court should have given greater weight to expert testimony that he had diminished capacity.  *Id.*  He contends that had these mitigating factors been presented,[5] the court would have sentenced him in the mitigated range.  *Id.*  We hold Appellant is due no relief.

---

[3] 42 Pa.C.S. §§ 9541-9545.

[4] The record did not indicate when Appellant mailed the petition.  ***See generally Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

[5] Expert testimony was introduced that Appellant had diminished capacity. N.T. Sentencing Hr'g at 6.

As a prefatory matter, we acknowledge that when a defendant enters a guilty plea, he waives his right to "challenge on appeal all non-jurisdictional defects except the legality of [his] sentence and the validity of [his] plea." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted). However, "where a plea agreement is an open one as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved." *Commonwealth v. Coles*, 530 A.2d 453, 457 (Pa. Super. 1987); *accord Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994) ("We believe that justice requires that we treat this case as an 'open' plea and permit an appeal to the discretionary aspects of sentencing.").

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate

> under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

*Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

> [W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted).

Instantly, we reproduce Appellant's Rule 2119(f) in its entirety: "Pursuant to Pa.R.A.P. 2119(f), the following is offered in support of a reduced sentence for Appellant: mitigating factors that Appellant's prior counsel failed to advance at the time of sentencing." Appellant's Brief at 9. The Commonwealth contends Appellant's Rule 2119(f) statement is deficient, but does not object. **See** Commonwealth's Brief at 2 n.1. We agree that the statement does not fulfill the requirements of **Googins**, **supra**, but because the Commonwealth does not object, we examine the merits of Appellant's arguments. **Cf. Kiesel**, 854 A.2d at 533.

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Bullock**, 868 A.2d 516, 529 (Pa. Super. 2005) (citations omitted). Thus, to the extent Appellant contends the court should have weighed his expert's diminished-capacity testimony more heavily, such a claim does not raise a substantial question. **See id.** To the extent Appellant claims counsel was ineffective, it is well-settled that such claims are deferred to collateral review. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

J.S64037/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015