J-S54043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
TROY BROADUS :
:
Appellant : No. 893 EDA 2015

Appeal from the PCRA Order March 12, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-CR-0007849-2010

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JUNE 09, 2016**

Appellant, Troy Broadus, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas dismissing his first, timely-filed Post Conviction Relief Act[1] ("PCRA") petition. This case returns to us after we granted panel reconsideration and withdrew our prior memorandum decision. Appellant argues, *inter alia*, his sentence under 18 Pa.C.S. § 7508, which imposes mandatory minimum sentences for possessing certain weights of drugs, is illegal under 42 Pa.C.S. § 9756, which provides a minimum sentence should not exceed one-half of the maximum sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

We vacate the judgment of sentence, vacate the plea agreement, and remand for further proceedings.

On October 8, 2013, Appellant entered negotiated guilty pleas to two counts of possessing a controlled substance with intent to deliver.[2] He admitted to, *inter alia*, selling approximately 28 grams of cocaine and 111 grams of cocaine to undercover officers on separate occasions. N.T., 10/8/13, at 10. The court immediately imposed the following negotiated sentences on each count, to run concurrently: (1) three to six years' imprisonment, and (2) seven to ten years' imprisonment. For both sentences, the court applied the mandatory sentence provisions of 18 Pa.C.S. § 7508.

Appellant did not file a post-sentence motion or a direct appeal. On September 25, 2014,[3] he filed a *pro se*, timely PCRA petition arguing, *inter alia*, his mandatory minimum sentence was unconstitutional under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). Appellant's PCRA Pet., 9/25/14, at 2 (unpaginated). The PCRA court appointed Patrick J. McMenamin, Jr., Esq. ("Counsel") to represent Appellant. Counsel then filed a "no merit"

---

[2] 35 P.S. § 780-113(a)(30).

[3] The petition was postmarked this date. ***See generally Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

***Finley***[4] letter to withdraw from representation. On February 13, 2015, the court granted Counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. In response to the notice, Appellant filed a *pro se* letter, arguing only that his sentence was illegal because the minimum sentence exceeded one-half of the maximum. The court dismissed the PCRA petition on March 13, 2015, and Appellant filed a timely *pro se* notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

The argument section in Appellant's *pro se* brief, one and a half pages in length, is not entirely clear and short in discussion.[5] Nevertheless, we discern that one of Appellant's claims is that his sentence of seven to ten years is illegal because the minimum exceeds one-half the maximum. His sole argument is, "Essentially, the court paid lip service to the requirement of the statute 9756(b) and stated 7508 that this case of ***Hockenberry*** was

---

[4] ***See Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] ***See*** Pa.R.A.P. 2119(a) (requiring argument section to include "discussion and citation of authorities as are deemed pertinent"); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (holding claim is waived where appellate brief fails to provide any discussion with citation to relevant authority or fails to develop issue in any meaningful fashion capable of review).

different circumstances of how both petitioners argued their cases."[6] ***Id.*** at 8. We conclude he is entitled to relief.[7]

Initially, Appellant's claim goes to the legality of sentence, ***see Hockenberry***, 689 A.2d at 288, and is therefore not waived. ***See Commonwealth v. Concordia***, 97 A.3d 366, 372 (Pa. Super. 2014) ("[W]hile challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition."); ***Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa. Super. 2003) (noting, "challenges to '[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this Court.' 'An illegal sentence must be vacated.'" (citations omitted)). "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Cardwell***,

---

[6] In ***Commonwealth v. Hockenberry***, 689 A.2d 283 (Pa. Super. 1997), the defendant, like Appellant in the case *sub judice*, received a sentence of seven to ten years' imprisonment pursuant to the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508(a). ***See Hockenberry***, 689 A.2d at 287. On appeal, the defendant "contend[ed] his sentence [was] in violation of 42 Pa.C.S. § 9756(b), which provides that the court 'shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.'" ***Id.*** at 289. This Court construed the defendant's claim as a challenge to the legality of his sentence, *id.* at 288, and denied relief, reasoning Section 7508 crafted an exception to Section 9756. ***Id.*** at 289.

[7] The Commonwealth concedes Appellant is entitled to relief. Com.'s Appl. for Panel Recons., 3/1/16, at 2.

105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted), *appeal denied*, 121 A.3d 494 (Pa. Aug. 12, 2015).

On June 17, 2013, the United States Supreme Court decided **Alleyne**. The **Ruiz** Court summarized the **Alleyne** holding as follows:

> In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." In applying that mandate, an *en banc* panel of this Court, in **Commonwealth v. Newman**, **supra**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), held that **Alleyne** rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 . . . unconstitutional.
>
> \* \* \*
>
> We note the **Newman** Court instructed that **Alleyne** applies only to cases pending on direct appeal as of June 27, 2013, the date of the **Alleyne** decision.

**Commonwealth v. Ruiz**, 131 A.3d 54, 57-58 (Pa. Super. Dec. 30, 2015) (citations omitted). "The **Newman** Court also made clear that an **Alleyne** claim is a non-waivable challenge to the legality of sentence. Such a claim may be raised on direct appeal, **or** in a timely filed PCRA petition." **Id.** at 60 (citations and footnote omitted). In **Ruiz**, the defendant was sentenced on June 5, 2013, and because he did not file a direct appeal, his judgment of sentence became final on July 5, 2013, after **Alleyne** was decided. "As such, Ruiz's case 'was still pending on direct appeal when **Alleyne** was handed down, and the decision may be applied to [Ruiz's] case retroactively.'" **Id.** at 59-60 (citations omitted). On November 25, 2014, in

*Cardwell*, this Court held Section 7508 was facially unconstitutional in its entirety under *Alleyne*. *See Cardwell*, 105 A.3d at 754. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Randal*, 837 A.2d at 1214.

As noted above, on October 8, 2013, several months after *Alleyne* was decided, the court sentenced Appellant. Appellant did not file a direct appeal, but did file a timely PCRA petition invoking *Alleyne*. *Cf. Ruiz*, 131 A.3d at 60. Subsequently, the *Cardwell* Court invalidated Section 7508—the section Appellant was sentenced under—as unconstitutional. *See Cardwell*, 105 A.3d at 754. Because Appellant filed a timely PCRA petition invoking *Alleyne*, and because the statute under which he was sentenced was deemed unconstitutional, we conclude he is entitled to relief. *See Ruiz*, 131 A.3d at 60; *Cardwell*, 105 A.3d at 754.

We turn to the relief we should grant Appellant. We addressed this issue in *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa. Super. 2015). In that case, the defendant successfully obtained PCRA relief from the PCRA court on his claim that his sentence under a negotiated guilty plea was unconstitutional under *Alleyne*. *Id.* at 1089. The PCRA court vacated the defendant's sentence and ordered resentencing. *Id.* The Commonwealth appealed, arguing, *inter alia*, "that in consideration of agreeing to a five-to-ten-year period of incarceration, it 'gave up the opportunity to seek sentences' on the drug paraphernalia and small amount

of marijuana charges." *Id.* at 1092. Thus, the Commonwealth insisted, the defendant "should be returned to the status quo prior to the entry of the guilty plea." *Id.* at 1091 (citation omitted).

The Superior Court agreed with the Commonwealth:

> This case is fundamentally akin to [*Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002)[8]] and [*Commonwealth v. Lenhoff*, 796 A.2d 338 (Pa. Super. 2002)[9]]; where it differs is that it is the Commonwealth, not the defendant, who argues that it is being deprived of the benefit of its bargain. We see no reason why the rationale of *Hodges* and *Lenhoff* should be limited to criminal defendants. Indeed, both parties to a negotiated plea agreement are entitled to receive the benefit of their bargain. *See Commonwealth v. Townsend*, 693 A.2d 980, 983 (Pa. Super. 1997) ("[W]here the parties have reached a specific sentencing agreement . . . the court cannot later modify the terms of the agreement without the consent of the Commonwealth" because "this would deny the Commonwealth the full benefit of the agreement which it reached . . . and the defendant, in turn, would receive a windfall."); *Commonwealth v. Coles*, 365 Pa. Super. 562, 530 A.2d 453, 458 (1987) (holding that

---

[8] In *Hodge*, all parties and the court mistakenly believed the defendant could be sentenced to death although "because of his age, the death penalty was never applicable. Therefore, because he entered into his plea agreement in order to avoid the death penalty, [the defendant] requested leave to withdraw that plea." *Hodge*, 789 A.2d at 765. This Court held the defendant was entitled to withdraw his plea because "[t]he entire process of plea negotiations . . . was affected by this grave error." *Id.* at 767.

[9] In *Lenhoff*, the parties negotiated a plea based on a mistaken belief that the defendant was charged with a second-degree felony. *Lenhoff*, 796 A.2d at 342. The defendant, however, actually committed a third-degree felony. *Id.* The defendant thus pleaded guilty "to avoid [a] sentence . . . the court did not have the legal authority to impose . . . ." *Id.* at 343. This Court held that because "plea negotiations were tainted at the outset by misinformation", the defendant was entitled to withdraw his plea. *Id.*

> granting defendant's motion to modify negotiated plea sentence stripped Commonwealth of the benefit of its bargain); *see also Commonwealth v. Ortiz*, 854 A.2d 1280, 1284 (Pa. Super. 2004) (*en banc*) (holding that where amount of restitution is agreed upon as part of negotiated plea, Commonwealth cannot later seek to increase it). Accordingly, we conclude that the shared misapprehension that the mandatory minimum sentence required by § 9712.1 applied to Melendez–Negron tainted the parties' negotiations at the outset. As in *Hodges* and *Lenhoff*, the parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning. Thus, while we affirm the PCRA court's order vacating Melendez–Negron's sentence, we further vacate his guilty plea and remand for further proceedings. *See Lenhoff*, 796 A.2d at 343.

*Id.* at 1093-94. We agree with this reasoning. Accordingly, we reverse the order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, vacate Appellant's guilty plea, and remand for further proceedings.

Order reversed. Judgment of sentence vacated. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016

- 8 -