J-S40014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD CARTAGENA, | : | |
| | : | |
| Appellant | : | No. 3226 EDA 2017 |

Appeal from the PCRA Order September 5, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001555-2015

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 13, 2018**

Edward Cartagena appeals from the dismissal of his Petition, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

On May 26, 2015, Appellant entered a counseled negotiated guilty plea to three counts of Possession with Intent to Deliver a Controlled Substance ("PWID"), and one count each of Criminal Use of a Communication Facility, Person Not to Possess a Firearm, Dealing in Proceeds of Unlawful Activity, and Possession of a Controlled Substance.[1]   That same day, the trial court accepted the plea agreement and sentenced Appellant to the agreed-upon term of six to twelve years' incarceration on one count of PWID, and a

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 7512(a); 18 Pa.C.S. § 6105(a)(1); 18 Pa.C.S. § 5111(a)(1); and 35 P.S. § 780-113(a)(16).  The charges arose from his selling or attempting to sell heroin to an undercover police officer on three occasions in November and December 2014.

_____

*   Retired Senior Judge assigned to the Superior Court.

consecutive term of eight years' probation on the firearms conviction. The court imposed no further penalty on the remaining convictions.

On June 5, 2015, Appellant sent a *pro se* letter to the court asking for reconsideration of his sentence. The court sent Appellant's letter to his attorney as required by Pa.R.Crim.P. 576(A)(4). Appellant did not file a counseled post-sentence motion or a direct appeal. Thus, his Judgment of Sentence became final on June 25, 2015.[2]

On July 22, 2016, Appellant filed a *pro se* PCRA Petition. The court appointed counsel on August 16, 2016. On September 29, 2016, the court filed a Notice of Intent to Dismiss the Petition without a hearing pursuant to Pa.R.Crim.P. 907.

On October 27, 2016, Appellant filed a counseled Response to the Rule 907 Notice, averring that the PCRA court should hold a hearing to establish that Appellant "was and remained incompetent through the period during which his right to file a PCRA petition lapsed" and that he "timely filed [his Petition] within 60 days of becoming sufficiently competent to ascertain the facts on which his underlying claims are predicated." Response to Court's Notice of Intent to Dismiss, filed 10/27/16, at ¶11.[3]

---

[2] 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[3] The record indicates that on December 8, 2016, Appellant filed a second Response to the Rule 907 Notice.

On June 12, 2017, Appellant filed an Amended PCRA Petition. The court held a hearing, and on June 30, 2017, granted the Petition and reinstated Appellant's right to file for post-sentence relief *nunc pro tunc*. However, the Commonwealth filed a Motion for Reconsideration, and after holding another hearing, the trial court dismissed Appellant's PCRA Petition as untimely on September 5, 2017.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the lower court err in denying Appellant's [PCRA] petition where Appellant filed a timely post-sentence motion pursuant to the Pennsylvania Rules of Criminal Procedure?

2. Did the lower court err in refusing to treat the document filed by Appellant in June of 2015 as a timely filed first [PCRA] Petition?

Appellant's Brief at 4.

We review the denial of PCRA relief for an abuse of discretion. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). We determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Id**. This Court grants great deference to the findings of the PCRA court if the record supports them. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain his PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant's Judgment of Sentence became final on June 25, 2015. In order to be timely, Appellant needed to submit his PCRA Petition by June 25, 2016. **Id**. Appellant filed his Petition on July 22, 2016. The PCRA court properly concluded that Appellant's Petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, Appellant has failed to invoke any of the timeliness exceptions.

Rather, Appellant argues that there was a "breakdown in the processes of the trial court" because (1) his *pro se* letter was a timely-filed post-sentence motion and the court took no action, other than to send it to his attorney; and (2) he was never notified that the "post-sentence motion" had been denied and that the 30-day time limit for filing his direct appeal had begun to run. Appellant's Brief at 13-14. He also contends, in the alternative, that the court should have treated his *pro se* letter as a first PCRA petition. Appellant's issues garner no relief.

Pursuant to 210 Pa. Code § 65.24, "where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or other type of pleading in the matter, it shall not be accepted for filing, but noted on the docket and forwarded to counsel of record." **See also** Pa.R.Crim.P. 576(A)(4) (same). In **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011), our Supreme Court reiterated its "long-standing policy that precludes hybrid representation." **Id.** at 1036. Although **Jette** involved a counseled appellant attempting to proceed *pro se* on appeal, our Supreme Court has also declared that "there is no constitutional right to hybrid representation … at trial[.]" **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993). A *pro se* motion filed by a represented defendant is "a nullity, having no legal effect." **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007). Once the court clerk has sent the *pro se* pleading to the defendant's counsel, the court takes no further action on the *pro se* pleading.

*Jette*, *supra* at 1044. Most relevant here, a *pro se* filing has no tolling effect. *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (citing Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.")).

Accordingly, contrary to Appellant's characterization, his *pro se* letter to the court was a legal nullity, not a post-sentence motion that tolled his appeal period. The PCRA court, thus, properly determined that Appellant's PCRA Petition filed more than a year after his Judgment of Sentence became final was facially untimely. Because Appellant did not plead and prove any of the timeliness exceptions provided in Section 9545(b), the trial court properly concluded that it lacked jurisdiction to review the merits of his Petition.[4]

Appellant alternatively argues that the trial court should have treated his *pro se* letter as a first PCRA Petition and, thus, his July 22, 2016, as "merely an extension of the first petition." Appellant's Brief at 16. Appellant fails to cite any relevant authority to support this contention, and completely ignores well-settled case law that directly contradicts it.

"The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final."

---

[4] We further note that where a plea agreement contains a negotiated sentence, which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. *Commonwealth v. Coles*, 530 A.2d 453, 458 (Pa. Super. 1994).

*Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa. Super. 2002). *See also Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000) ("A PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights").  Thus, a "premature petition" filed before the Judgment of Sentence becomes final "does not constitute a first PCRA petition." *Kubis*, *supra* at 198 n.4.

Based on the above authority, we decline to characterize Appellant's June 5, 2015 *pro se* letter as a properly filed PCRA Petition.  His July 22, 2016 PCRA Petition is, thus, not "merely an extension" of that "petition."  *See Commonwealth v. Robinson*, 837 A.2d 1157, 1163 (Pa. 2003) (rejecting the "extension theory" as it had previously rejected the "amendment theory").  Accordingly, Appellant's second issue merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/18