J-S65022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :         PENNSYLVANIA
      :
         v.       :
      :
      :
MICHAEL ALLYN HARRINGTON     :
      :
      Appellant    :   No. 930 MDA 2019

Appeal from the Judgment of Sentence Entered, May 13, 2019,
in the Court of Common Pleas of Bradford County,
Criminal Division at No(s):  CP-08-CR-0000797-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 27, 2020**

Michael Allyn Harington appeals from the judgment of sentence imposed following his plea of *nolo contendere* to possession of drug paraphernalia. Additionally, Harrington's court-appointed counsel, Patrick Lee Beirne, Esquire, has filed a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** Brief").  We grant Attorney Beirne's petition, and affirm Harrington's judgment of sentence.

The facts underlying the instant appeal are as follows.  On October 24, 2018, police initiated a traffic stop when they observed Harrington operating a vehicle with plates that were expired and registered to another vehicle.

---

[*] Retired Senior Judge assigned to the Superior Court.

Harrington attempted to elude police, but was apprehended. In the vehicle, officers found a glass smoking pipe and a container of a white powdery substance, which Harrington and his passenger identified as methamphetamine. Harrington also admitted to smoking methamphetamine earlier in the day. Police conducted a driver's license check which revealed that Harrington's operating privileges were suspended. Police additionally determined that Harrington was not the owner of the vehicle he was driving, and did not have permission to possess or drive it. Police arrested Harrington and charged him with multiple drug and vehicle code violations. On March 14, 2019, pursuant to an agreement with the Commonwealth, Harrington entered a plea of *nolo contendere* to one count of possession of drug paraphernalia. The remaining eight counts were *nolle prossed*. The trial court ordered a presentence investigation report ("PSI").

On May 13, 2019, the court conducted a sentencing hearing. The prosecutor indicated that, pursuant to the terms of the plea agreement, Harrington should be sentenced to a time-served minimum sentence (eighty-six days), followed by supervision. *See* N.T. Sentencing, 5/13/18, at 1. At the conclusion of the hearing, the trial court imposed a sentence of eighty-six days to one year incarceration, credited Harrington with eighty-six days of time served, and immediately paroled him. The trial court also imposed terms of supervision. Harrington thereafter filed a timely post-sentence motion to modify his sentence, which the trial court denied. Harrington filed a timely

notice of appeal. The trial court did not order Harrington to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal; however, the trial court authored a Pa.R.A.P. 1925(a) opinion. In this Court, Attorney Beirne filed a petition to withdraw as counsel and an **Anders** brief. Harrington did not file a response to the petition to withdraw or the **Anders** brief.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1)   provide a summary of the procedural history and facts, with citations to the record;
>
> (2)   refer to anything in the record that counsel believes arguably supports the appeal;

     (3)     set forth counsel's conclusion that the appeal is frivolous; and

     (4)     state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Attorney Beirne has substantially complied with each of the requirements of *Anders*. Attorney Beirne indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Beirne's *Anders* brief substantially comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record includes a copy of the letter that Attorney Beirne sent to Harrington, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Beirne's intention to seek permission to withdraw. Accordingly, Attorney Beirne has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Harrington's appeal is wholly frivolous.

In the **Anders** Brief, Attorney Beirne raises the following discretionary sentencing issue for our review: "Was the sentence imposed by the sentencing court excessive?" **Anders** Brief at 3. In discussing this issue, Attorney Beirne indicates his belief that this claim is frivolous because (1) the sentence imposed complies with the negotiated plea agreement; (2) the sentence falls within the standard range of the sentencing guidelines; and (3) when imposing the sentence, the trial court had the benefit of a PSI.

Harrington entered a *nolo contendere* plea, which has the same effect as a guilty plea for purposes of sentencing and is considered a conviction. **See Commonwealth v. Lewis**, 79 A.2d 1227 (Pa. Super. 2002). Notably, upon entry of a negotiated guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. **Commonwealth v. Jabby**, 200 A.3d 500, 505 (Pa. Super. 2018).

Here, the record reflects that Harrington's plea was negotiated. In exchange for his *nolo contendere* plea to one count of possession of drug paraphernalia, the Commonwealth agreed to dismiss the remaining eight charges filed against him, and to a time served minimum sentence (eighty-six days), followed by a period of supervision. **See** N.T. Sentencing, 5/13/19, at 1-2, 6-7. The trial court accepted Harrington's plea and imposed the sentence he agreed to receive. Having entered a valid negotiated plea, and received the agreed-upon sentence, Harrington cannot challenge the

discretionary aspects of his sentence. *See Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004); *see also Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) ("Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence."); *Commonwealth v. Coles*, 530 A.2d 453, 458 (Pa. Super. 1987) (observing that permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and "would make a sham of the negotiated plea process"). Therefore, we agree with Attorney Bierne's assessment that Harrington's excessiveness claim is, in fact, wholly frivolous.

As required by *Anders*, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other non-frivolous issues that Harrington could raise that his counsel overlooked. *Dempster*, *supra*. The record of the case demonstrates no jurisdictional defects in the Bradford County Court of Common Pleas. There is no indication in the record that Harrington's plea was not entered knowingly, voluntarily, and intelligently.[1] Finally, Harrington received a legal sentence.

---

[1] The certified record does not contain a written plea colloquy. The trial court conducted a plea hearing on March 14, 2019. However, Harrington did not request that the proceedings be transcribed. *See* Pa.R.A.P. 1911; *see also*

Having concluded that there are no meritorious issues, we grant Attorney Bierne's petition to withdraw as counsel, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2020

---

*Commonwealth v. Steward*, 775 A.2d 819, 833 (Pa. Super. 2001) (noting that it was not the responsibility of the trial court to order the notes of transcript; but, rather, it is the responsibility of the appellant to order all transcripts necessary to the disposition of his appeal). Thus, our independent review is limited by the absence of the notes of testimony from the plea hearing. Nevertheless, the trial court indicted its finding that Harrington's plea was made knowingly, intelligently, and voluntarily. *See* Order, 3/22/19, at 1.