J-S20005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                  :                     PENNSYLVANIA
                                                  :

                 v.                         :

                                                  :

JOHN FREDERICK BROWN, JR.      :

                                                  :

              Appellant          :      No. 1499 WDA 2021

Appeal from the Judgment of Sentence Entered June 8, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000394-2013

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: OCTOBER 17, 2022**

Appellant John Frederick Brown, Jr. appeals from the judgment of sentence imposed after he pled guilty to rape and related offenses. Appellant argues that the trial court erred by imposing a no-contact provision as to his son, B.B., and rejecting Appellant's request to defer payment of his court fines until after his release from incarceration. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. Briefly, Appellant was charged with aggravated assault, rape, and other offenses after he assaulted the victim several times in 2013. The victim's three minor children, including Appellant's son, B.B., were present during one of the assaults. Appellant subsequently pled guilty, and the trial court imposed his sentence in 2014. However, following a successful Post

Conviction Relief Act[1] (PCRA) petition in 2020, the trial court vacated Appellant's 2014 sentence and granted him a new trial. *See* Trial Ct. Order, 2/14/20.

On April 6, 2021, the trial court conducted a plea hearing. At that time, Appellant indicated that he was pleading guilty plea to rape, attempted rape, indecent assault, and simple assault.[2] *See* N.T. Plea Hr'g, 4/6/21, at 2-7; Written Guilty Plea Colloquy, 4/6/21, at 1-5; Guilty Plea Agreement, 4/6/21, at 1-2. In exchange for Appellant's plea, the Commonwealth agreed to a negotiated sentence of six and one-half to fourteen years' incarceration followed by a consecutive term of six years' probation. *See* Guilty Plea Agreement, 4/6/21, at 1-2.

Before accepting Appellant's plea, the trial court conducted an on-the-record oral plea colloquy, during which Appellant confirmed that he committed the crimes that were described to him by the Commonwealth, including the fact that "[p]ortions of the physical assault that make up the simple assault happened in the presence of the children." N.T. Plea Hr'g at 6-8. Appellant also executed a written guilty plea colloquy and a guilty plea agreement in which he confirmed that he understood the terms of his plea, including his obligation to pay laboratory fees and/or restitution and the no-contact

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121(a)(1), 901(a), 3126(a)(2), and 2701(a)(1), respectively.

provision as to the victim and the witnesses.[3] ***See id.***; Written Guilty Plea Colloquy at 1-5; Guilty Plea Agreement at 1-2.

On June 8, 2021, the trial court imposed the agreed-upon sentence. N.T. Sentencing Hr'g, 6/8/21, at 15-17. At that time, the trial court reiterated that Appellant must refrain from contacting the victim or any of the witnesses involved in the case. ***See id.*** at 18, 20-25. In relevant part, the following exchange occurred:

> **THE COURT: I want to reiterate for you that you are to have no contact with the victim in this case and you're not to have any contact with any of the witnesses in this case, specifically, the children that witnessed the crimes that you are alleged to have committed and those to which you've pled. Understood?**
>
> **[Appellant]: Yes.**

***Id.*** at 25 (emphasis added). The trial court also granted the Commonwealth's request for Appellant to pay $5,456 in laboratory fees. ***Id.*** at 19.

Appellant subsequently filed a post-sentence motion[4] in which he requested, among other things, that the trial court defer Appellant's payment

_____

[3] During its statement of the facts underlying Appellant's plea, the Commonwealth indicated that Appellant had assaulted the victim while in the presence of minor children, including Appellant's son, B.B. ***See*** N.T. Plea Hr'g at 6-7.

[4] Appellant did not file a post-sentence motion within ten days of his June 8, 2021 sentence. However, on June 24, 2021, Appellant filed a *pro se* motion stating that he had been unable to contact his attorney and requesting an extension of time to file a post-sentence motion. After the trial court granted
*(Footnote Continued Next Page)*

of court fines until six months after his release from prison. *See* Appellant's Post-Sentence Mot., 8/9/21, at 6 (unpaginated). Appellant also asked the trial court to modify the plea agreement to permit Appellant to have contact with his son, B.B., a claim that he did not raise at the plea hearing or at sentencing. *Id.* at 4 (unpaginated). In support, Appellant argued that the no-contact provision conflicted with a 2021 post-adoption agreement that Appellant had signed with B.B.'s mother, who is also the victim in the instant case. *Id.* Further, although the plea agreement precluded Appellant from contacting the victim or witnesses, Appellant argued that B.B. was not technically a witness because he was only two years old at the time of the crimes and he did not testify at Appellant's preliminary hearing or trial. *Id.*

---

Appellant's request on June 30, 2021, counsel filed a timely post-sentence motion on August 9, 2021.

On appeal, this Court issued a rule to show cause why the appeal should not be quashed, in part because Appellant's post-sentence motion appeared to be untimely. After Appellant's counsel filed a response, this Court discharged the rule to show cause and allowed the appeal to proceed. *See* Order, 3/10/21.

Our review of the record confirms that Appellant filed a *pro se* motion requesting *nunc pro tunc* relief before the expiration of the thirty-day appeal period, and while the trial court maintained jurisdiction over Appellant's case. As such, the court had the authority to grant *nunc pro tunc* relief based on Appellant's claim that he had been unable to contact counsel. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (stating that where a defendant demonstrates sufficient cause for relief for relief within 30 days of sentencing, "the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*"). Therefore, because the trial court extended the period for Appellant to file post-sentence motions, we conclude that Appellant's subsequent notice of appeal was timely.

- 4 -

Therefore, Appellant requested that the trial court modify the sentencing order to state that the no-contact provision applied "except as expressly provided for in the post-adoption contact agreement that was adopted as an order by the Tioga County Court of Common Pleas Court." *Id.* (some formatting altered).

On October 8, 2021, the trial court conducted a post-sentence motion hearing. At that time, Appellant reiterated his request for the trial court to defer his payments for court costs until six months after he was released on parole. N.T. Post-Sentence Mot. Hr'g, 10/8/21, at 16. In response, the Commonwealth argued that it had "never seen" a trial court defer a defendant's payment of court costs, was not aware of any authority permitting the court to take such action, and believed that Appellant's request "should go in front of the state." *Id.* at 20-21. The trial court responded that it did not know whether Appellant's request was properly before the court and did not believe that it could direct the Department of Corrections to deviate from its own policy concerning a defendant's payment of court costs. *Id.* at 21, 24. However, the trial court allowed the defense to present testimony from Appellant in order to develop the record, then directed the parties to submit briefs addressing the payment issue. *Id.* at 37.

On November 17, 2021, the trial court issued an order denying Appellant's post-sentence motion. Appellant subsequently filed a timely notice of appeal and a court-ordered Rule 1925(b) statement. The trial court issued

a Rule 1925(a) opinion incorporating its November 17, 2021 order denying

Appellant's post-sentence motion.

On appeal, Appellant raises the following issues for review:

1. Was the [trial] court's total prohibition of [] Appellant's contact with his son, B.B., the result of a mutual mistake or the result of unfair treatment by the Commonwealth which sought to nullify the court order of another county?

2. Did the [trial] court have the authority to defer [] Appellant's payment of restitution[5] until six (6) months after the end of his incarceration?

Appellant's Brief at 6 (some formatting altered).

**No-Contact Provision**

In his first issue, Appellant argues that the trial court erred by rejecting

his request to clarify the terms of the no-contact provision concerning his son,

B.B. *Id.* at 15. In support, Appellant contends that the trial court's sentencing

order "is contrary to the January 20, 2021 Tioga County Court of Common

Pleas [o]rder" which allowed Appellant to have limited contact with B.B. in the

context of a post-adoption contact agreement. *Id.* at 15. However, Appellant

claims that he is not seeking to modify the terms of his plea agreement, as

the trial court need only "interpret the **existing** language of its sentencing

order to mean[] that the Appellant shall have no contact whatsoever, either

_____

[5] For purposes of clarity, we note that although Appellant references "restitution" in his statement of questions, the record reflects that Appellant was not ordered to pay restitution. Instead, Appellant was ordered to pay court costs, including a lab fee of $5,456. Therefore, we will address the issue concerning Appellant's payment of court costs, rather than restitution.

directly or indirectly, with B.B. **except** as expressly provided for in the post-adoption contact agreement[.]" *Id.* at 18 (emphasis in original). Therefore, Appellant requests that we remand the matter to the trial court to determine "if its prohibition of any contact with B.B. is justified or, instead, if its total prohibition of [] Appellant's future contact with B.B. was the result of mutual mistake or unfair treatment by the Commonwealth." *Id.* at 30.

The Commonwealth responds that Appellant has failed to preserve his claim that the no-contact provision regarding B.B. "was the result of a mutual mistake or unfair treatment by the Commonwealth." Commonwealth's Brief at 8. Further, the Commonwealth contends that, even if properly preserved, the Commonwealth was not a party to Appellant's agreement with B.B.'s mother, and the agreement did not preclude the trial court from imposing a no-contact provision as part of Appellant's criminal sentence. *Id.* at 7-9. The Commonwealth also argues that "Appellant entered into the binding plea agreement with full knowledge and acceptance of its terms," and understood that "his sentence was to include no contact with B.B." *Id.* at 11. Therefore, the Commonwealth agrees with the trial court that Appellant is not entitled to relief.

Initially, we note that the entry of a guilty plea waives all non-jurisdictional defects, other than the legality of sentence and the validity of the plea. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). In order to be valid, a guilty plea must be knowingly, voluntarily, and

intelligently entered.  *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

An appellant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the guilty plea colloquy or file a motion to withdraw the plea within ten days of sentencing.  *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)).  If an appellant fails to object during the guilty plea colloquy or file a motion to withdraw the plea, the claim is waived.  *Id.*

Here, the record confirms that Appellant signed a negotiated plea agreement which stated that he was prohibited from contacting the victim or any witnesses, which included Appellant's son.  *See* N.T. Plea Hr'g at 6-7; *see also* Guilty Plea Agreement at 1.  Appellant did not object to those terms during the guilty plea colloquy, and he did not file a motion seeking to withdraw his guilty plea after the plea hearing.  Indeed, at the sentencing hearing, Appellant explicitly confirmed that his plea agreement precluded him from contacting the victim or witnesses to the crime, which included B.B.  *See* N.T. Sentencing Hr'g at 25.  Finally, although Appellant filed a post-sentence motion requesting that the trial court modify the terms of his sentence, nowhere in the motion did Appellant allege that his plea was invalid or that his sentence was illegal.  Therefore, to the extent Appellant's arguments may be construed as a challenge to his plea agreement, his claims are waived. *See Eisenberg*, 98 A.3d at 1275; *Lincoln*, 72 A.3d at 609-10.

In any event, although framed as a request for "clarification" of the trial court's sentencing order, Appellant's requested relief would require modification of an explicit term of the parties' plea agreement. The trial court addressed Appellant's request for relief as follows:

> "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement." ***Commonwealth v. Coles***, 530 A.2d 453, 45[8] (Pa. Super. 1987). "A plea bargain which has been fully carried out in accordance with its terms should not be set aside in the absence of convincing evidence that [defendant] was dealt with indecently or unfairly." ***Commonwealth v. Hare***, 380 A.2d 330, 333 (Pa. 1977). Here, [Appellant] was fully aware of the terms of the plea agreement prior to entering into it. He is therefore bound by its terms and may not seek to alter them now. To alter the terms of the agreement "would strip the Commonwealth of the 'benefit of the bargain—would make a sham of the negotiated plea process and would give the defendant a second bite at his sentence.'" ***See Coles***, 530 A.2d 456. For these reasons, the court shall not disturb or alter the terms of the parties' plea agreement.

Trial Ct. Order & Op., 11/17/21, at 1.

Based on our review of the record, we agree with the trial court that Appellant's request would alter the terms of the parties' plea agreement. Therefore, for the reasons stated by the trial court, Appellant is not entitled to relief.

**Payment of Court Costs**

Appellant also argues that the trial court erred in concluding that it lacked the authority to defer Appellant's payments on the $5,456 lab fee until

- 9 -

six months after his release from prison. Appellant's Brief at 24. In support, Appellant notes that a payment deferral would not conflict with his plea agreement, as the agreement did not provide a timeframe under which Appellant was required to pay court costs. *Id.* at 24. Further, Appellant argues that the trial court has the authority to defer the payment of court costs under 42 Pa.C.S. § 9728(b)(5)(i) and Pa.R.Crim.P. Rule 706. *Id.* at 26. Therefore, Appellant requests that we remand the matter to the trial court for further proceedings. *Id.* at 30.

The Commonwealth responds that "[A]ppellant has failed to provide sufficient support for his assertion that the trial court can order that his payment of a lab user fee can be deferred." Commonwealth's Brief at 14. Further, the Commonwealth argues that Appellant has failed to prove that he would be entitled to any deferment, as he did not assert that he was unable to pay. *Id.* at 14-15. Therefore, the Commonwealth concludes that Appellant is not entitled to relief. *Id.*

Initially, we note that lab fees are a "cost" related to the prosecution of a criminal case. *See* 42 Pa.C.S. § 1725.3. "[C]osts are 'penal sanctions' arising from a criminal conviction and, therefore, the imposition of costs [is] part of the judgment of sentence." *Commonwealth v. Garzone*, 993 A.2d 1245, 1254 (Pa. Super. 2010) (citation omitted). However, the nature of our review depends on whether Appellant's sentencing claim implicates legality or the discretionary aspects of his sentence.

It is well settled that a challenge to the legality of a sentence raises a question of law. ***Commonwealth v. Childs***, 63 A.3d 323, 325 (Pa. Super. 2013). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. ***Id.*** Moreover, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).

In contrast, a defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. ***See Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*). Further, if a defendant enters a plea agreement with "a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

This Court has explained that under Section 9721 of the Sentencing Code, it is "mandatory for a defendant to pay the costs of prosecution, even in the absence of a court order imposing those costs." ***Commonwealth v. Lopez***, 248 A.3d 589, 594 (Pa. Super. 2021) (*en banc*) (citing 42 Pa.C.S. § 9721(c.1), 9728(b.2)), *aff'd*, -- A.3d ---, 27 EAP 2021, 2022 WL 3363051 (Pa. filed Aug. 16, 2022). Further, trial courts are not required to hold an ability-to-pay hearing before imposing mandatory court costs on a defendant. ***See id.*** at 590 (stating that "while a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the court to hold such

a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him").

Section 9728(b)(5) authorizes the Department of Corrections to collect payments from defendants who are currently incarcerated. 42 Pa.C.S. § 9728(b)(5). However, the Commonwealth Court has explained that "a sentencing court's orders govern the Department's collections from inmate accounts." *Freemore v. Dep't of Corrections*, 231 A.3d 33, 39 (Pa. Cmwlth. Ct. 2020) (*per curiam*).[6] Therefore, where the sentencing order contains "delay language" that expressly defers the payment of court costs until a later date, the Department is not authorized to make deductions from an inmate's prison account. *See id*; *see also* DC-ADM 005 Section 3.A.2.a[7] (implementing guidelines for the collection of court costs pursuant to 42 Pa.C.S. § 9728(b)(5) and stating that a state correctional facility's business manager must review the sentencing order to determine whether it "defers the payment of those obligations to a later date or event" before collecting payment).

---

[6] Although Commonwealth Court decisions are not binding on this Court, they may provide persuasive authority. *See Commonwealth v. Heredia*, 97 A.3d 392, 395 n.4 (Pa. Super. 2014).

[7] The Department of Corrections has a group of core policies referred to as DC-ADMs. These policies govern the basic operations of state prisons and treatment of its inmates. DOC Policies, https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx (last visited Sept. 8, 2022).

Here, Appellant does not challenge the trial court's authority to impose court costs or the Department's authority to deduct payments from his inmate account. Instead, Appellant claims that the trial court erred in concluding that it lacked statutory authority to defer his payment of court costs until after he was released on parole.

Following our review of the relevant statutes and case law, we agree with Appellant that trial courts have the authority to defer the payment of court costs. **See** 42 Pa.C.S. § 9728(b)(5). However, the Sentencing Code makes clear that although trial courts **may** implement a payment plan or consider a defendant's ability to pay when ordering court costs, neither action is required at sentencing. **See id; see also Lopez**, 248 A.2d at 595-96; Pa.R.Crim.P. 706. Therefore, we conclude that Appellant's request for a payment deferral implicates the trial court's discretionary sentencing powers.

In any event, as noted previously, Appellant entered a guilty plea that contained a negotiated sentence. As such, Appellant cannot challenge the discretionary aspects of his sentence on appeal. **See Morrison**, 173 A.3d at 290. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2022

- 13 -