J-S30042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL JAMES ROGERS | : | |
| | : | |
| Appellant | : | No. 1696 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 5, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002317-2022

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: OCTOBER 15, 2024**

Appellant Darrell James Rogers appeals the judgment of sentence entered by the Court of Common Pleas of Cumberland County after Appellant was convicted of Persons Not to Possess Firearms[1] as well as Intentionally or Knowingly Failing to Relinquish Firearms as the subject of an active final protection from abuse (PFA) order.[2]  Appellant challenges the sufficiency and weight of the evidence supporting his convictions.  We affirm.

The trial court aptly summarized the factual background of this case as follows:

On September 5, 2022, the Pennsylvania State Police executed a warrant to search [Appellant's] residence.  [Appellant] greeted the troopers when they arrived at his apartment.  They explained to him that they were there to search for firearms.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 6105(a).
[2] 18 Pa.C.S.A. § 6105(c)(6).

[Appellant] led them to his master bedroom, which he shared with his girlfriend. Upon entering the bedroom, he motioned toward the nightstand to the left of the bed. Inside the nightstand, troopers found a Springfield XD .45 caliber semi-automatic pistol[, which was] loaded to capacity. A second loaded magazine was found in [Appellant's] truck. That magazine was compatible with the Springfield XD. They located two additional pistols along with various boxes of ammunition carefully arranged in the nightstand on the other side of the bed. They also located four long-guns in the closet. All of the firearms had corresponding boxes of ammunition.

*** 

[Appellant's] girlfriend[, Erin LaMora,] was also present at the apartment during the search. [LaMora] told troopers that the pickup truck containing the loaded magazine belonged to [Appellant]. The troopers testified that she told them [Appellant] typically carried a Springfield pistol. While [LaMora] testified that she did not recall exactly what she told law enforcement that day, the troopers were unequivocal in their testimony. [LaMora] went on to explain that right before troopers arrived, she had brought all the firearms in the apartment from a remote location. [LaMora] placed them in the bedroom that day because she planned on going to the range later that week. She also planned on going hunting at some point with her father. When [Appellant] came home unexpectedly, [LaMora claimed to have] tossed the handguns and ammunition in the nightstands.

Trial Court Opinion, 3/22/24, at 2-4 (citations and footnotes omitted).

Appellant proceeded to a jury trial on both charges. The parties stipulated that Appellant (1) had a prior felony conviction that disqualified him from possessing a firearm and (2) was the subject of an active PFA order that required him to relinquish all of his firearms.

On July 19, 2023, the jury convicted Appellant of both offenses. On September 5, 2023, the trial court sentenced Appellant to four to eight years' imprisonment for the Persons Not to Possess conviction and a concurrent sentence of six to twenty-four months' imprisonment on the remaining charge.

On September 15, 2023, Appellant filed a motion for an extension of time to file a post-sentence motion. On September 19, 2023, the trial court entered an order deeming the September 15, 2023 filing to be a timely post-sentence motion and granting Appellant twenty days to file an amended post-sentence motion. Thereafter, Appellant filed an amended post-sentence motion on October 6, 2023, which the trial court denied on November 21, 2023. Appellant filed the instant notice of appeal on December 11, 2023.

Generally, a notice of appeal must be filed within thirty days of the entry of the order being appealed. **See** Pa.R.A.P. 903(a); **Commonwealth v. Moir**, 766 A.2d 1253 (Pa.Super. 2000). If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). An extension request filed within ten days of the judgment of sentence will toll the appeal period. **See Commonwealth v. Horst**, 481 A.2d 677 (Pa.Super. 1984) (finding that where a request for an extension to file a post-sentence motion was filed within ten days of the judgment of sentence, the appeal period was tolled).

In this case, Appellant filed a timely motion for an extension of time to file a post-sentence motion within ten days of the judgment of sentence. On September 19, 2023, the trial court properly deemed this filing to be a timely post-sentence motion and granted a twenty-day extension. As Appellant filed an amended post-sentence motion within this extended window, we deem Appellant's post-sentence motion to be timely filed. Appellant's notice of

appeal was also timely filed within thirty days of the denial of his post-sentence motion. We may proceed to review the merits of Appellant's claims.

Appellant raises the following issues for our review on appeal:

I.  W[h]ether the evidence at trial was insufficient to prove beyond a reasonable doubt that [Appellant] possessed the firearms?

II. W[h]ether the verdict was against the weight of the evidence as to shock one's sense of justice?

Appellant's Brief, at 6.

Appellant first argues that there is insufficient evidence to support his convictions as he contends that the Commonwealth failed to prove he possessed the firearms seized from his residence.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn

therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 613 Pa. 316, 33 A.3d 602, 607 (2011).

*Commonwealth v. Sebolka*, 205 A.3d 329, 336–37 (Pa.Super. 2019).

While Appellant argues that the Commonwealth failed to show he was in actual possession of any of the firearms, it is well-settled that "possession can be found by proving actual possession, constructive possession, or joint constructive possession. As with any element of a crime, circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." *Commonwealth v. Bowens*, 265 A.3d 730, 741 (Pa.Super. 2021) (citations and quotation marks omitted).

Our Supreme Court has explained the concept of constructive possession as follows:

Where possession is an element of the offense, the concept of constructive possession is a legal fiction used to prove the element although the individual was not in physical possession of the prohibited item. The evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it. Dominion and control means the defendant had the ability to reduce the item to actual possession immediately, or was otherwise able to govern its use or disposition as if in physical possession. Mere presence or proximity to the contraband is not

enough. Constructive possession can be established by inferences derived from the totality of the circumstances.

***Commonwealth v. Peters***, 655 Pa. 601, 218 A.3d 1206, 1209 (2019) (citations omitted).

The trial court found that the Commonwealth presented sufficient evidence to allow the jury to find "at the very least [that Appellant] unlawfully possessed the Springfield pistol contained in his nightstand." T.C.O. at 7. We agree with the trial court's finding that Appellant had the power and intent to exercise dominion and control over this particular firearm. Appellant knew exactly where the Springfield pistol was and how to access it as he led the troopers to his nightstand in his bedroom which contained the unsecured and loaded Springfield pistol along with a corresponding magazine. Appellant's girlfriend told the troopers that Appellant often carried the Springfield pistol for protection. Troopers discovered an additional loaded magazine for the Springfield pistol in the center console of Appellant's truck.

However, we also emphasize that the Commonwealth presented sufficient evidence that all of the firearms in Appellant's residence were within his joint constructive possession. Our courts have consistently held that constructive possession can be found in multiple actors if "contraband is found in an area of joint control and access." ***Commonwealth v. Smith***, 317 A.3d 1053, 1059–60 (Pa.Super. 2024) (quoting ***Commonwealth v. Mudrick***, 510 Pa. 305, 507 A.2d 1212, 1214 (1986)). In ***Smith*** and ***Mudrick***, our courts found that contraband "found in a bedroom shared by two occupants was in

an area of joint control and equal access to both individuals." ***Smith***, 317 A.3d at 1059-60.

In the same manner, the prosecution presented evidence that numerous additional firearms were found in the bedroom shared by Appellant and Ms. LaMora. There were three long guns in the bedroom closet which contained male clothing, one long gun leaning against the couple's bed, another pistol in the other nightstand, and one gun in a case on the floor. The bedroom also contained ammunition for each of the firearms, none of which were secured or locked up in any way. There was no evidence or suggestion that the residence had a gun safe for the firearms.

As the firearms were in an area of joint control and equal access to both individuals, there was sufficient evidence to demonstrate that all of the firearms seized from Appellant's bedroom were in Appellant and Ms. LaMora's joint constructive possession. As a result, Appellant's challenge to the sufficiency of the evidence supporting his convictions fails.

Appellant also challenges the weight of the evidence supporting his convictions. In essence, Appellant argues that the jury should have believed Ms. LaMora's testimony that she brought all the firearms to Appellant's house that day in order that she could go to the shooting range on the following day with her father.

Our standard of review for a challenge to the weight of the evidence is well-established:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Landis*, 277 A.3d 1172, 1183–84 (Pa.Super. 2022) (citations omitted). To prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2015) (citation omitted).

*Commonwealth v. Watkins*, 315 A.3d 145, 152 (Pa.Super. 2024) (quoting

*Commonwealth v. Deible*, 300 A.3d 1025, 1032–33 (Pa.Super. 2023)).

As noted above, Appellant's weight claim is based on his assertion that Appellant provided an adequate explanation for the presence of the firearms in his bedroom by claiming that the weapons were owned and registered to Ms. LaMora, Appellant had never been able to possess or handle her weapons, and that Ms. LaMora had just brought them into the home that day.

Nevertheless, we reiterate that the jury was free to accept or reject Appellant's version of the facts regarding the circumstances at issue. *See Ramtahal*, *supra*. As noted above, the troopers that discovered the firearms in Appellant's residence testified that Ms. LaMora told them that Appellant typically carried a Springfield pistol for self-defense. The troopers also indicated that Ms. LaMora shared that she did not typically use Appellant's

truck where the Springfield pistol was found. Although Ms. LaMora testified that she could not remember what she told officers on the day the firearms were found, the troopers testified unequivocally about the statements that Ms. LaMora had made to them.

Further, while Ms. LaMora claimed that she had brought the firearms into the couple's bedroom as she planned on going to the shooting range with her father that week and allegedly tossed the firearms and ammunition into the bedroom dresser when Appellant came home unexpectedly, the trial court noted that the Commonwealth's exhibits contradicted Ms. LaMora's testimony as the photos showed all the firearms and ammunition organized neatly.

Based on our review of the certified record, we conclude that the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/15/2024